UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nyra Jean Miller-Fields, individually and as Personal Representative of the Estate of Ricky Cobb, II, | Court File No.: 24-cv-01372-NEB-DTS |
| Plaintiff, | **DEFENDANT LONDREGAN'S PARTIAL OPPOSITION TO MOTION TO STAY** |
| vs. | |
| Ryan Londregan and Brett Seide, | |
| Defendants. | |

Defendant Minnesota State Patrol Trooper Ryan Londregan ("Trooper Londregan") opposes, in part, Defendant State Trooper Seide's motion to stay the proceedings (Dkt. # 12). A stay would preclude Defendant Londregan from filing (and therefore, the Court from considering) his forthcoming early dispositive motion based on, among other things, qualified immunity. Deciding Trooper Londregan's anticipated motion will not implicate any of the concerns described in Defendant Seide's motion. For this reason, Defendant Londregan requests that the Court decline to immediately stay this matter in its entirety. Instead, Trooper Londregan respectfully requests that the Court enter a stay limited in scope such that Trooper Londregan may bring, and the Court may consider, his dispositive motion practice while staying the other aspects of this case pending the criminal proceeding.

1

## BACKGROUND

In his Memorandum of Law in Support of the Motion to Stay (Dkt. # 15), Trooper Seide sets out the allegations of the criminal complaint in the matter of *State of Minnesota v. Ryan Patrick Londregan*, Case No. 27-CR-24-1844, currently pending in Minnesota's Fourth Judicial District, Hennepin County. (*See* Dkt. # 15 at 1-3.) Like Trooper Seide, Trooper Londregan does not admit any of the allegations of either complaint at this time.

## ARGUMENT

The Court has broad discretion to stay proceedings. *See Cottrell v. Duke,* 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). "Because a stay of proceedings has the potential to damage the party opposing it, the decision to stay should weigh the competing interests and maintain an even balance, recognizing that the Supreme Court has counseled moderation in use." *In re Wholesale Grocery Prods. Antitrust Litig.,* No. 09-md-2090 (ADM/AJB), 2013 WL 6533154, at *1 (D. Minn. Dec. 13, 2013) (quoting *Landis,* 299 U.S. at 255) (internal quotations omitted). In exercising this discretion, Courts may enter a partial stay. *See, e.g., Sea Salt, LLC, v. Bellerose, et al.* 2020 WL 2475874, at *6 (D. Me. May 13, 2020). In *Sea Salt,* one civil defendant moved to stay the proceeding pending a federal criminal investigation. Another defendant objected on the basis that a stay would preclude him from filing a motion for summary judgment. (*Id.* at *1). There, the Court recognized that "A partial stay would . . . allow the other defendants to move for summary judgment if they believe such relief is warranted." *Id.* at *1, *see also* Judge Milton Pollack, Parallel Civil & Criminal

Proceedings, 129 F.R.D. 201, 211 1989) ("A stay can and should be tailored to avoid undue prejudice.").

Here, Trooper Londregan intends to bring early dispositive-motion practice based upon, among other things, qualified immunity. Qualified immunity is "an immunity from suit rather than a mere defense to liability[.]" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). As such, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 231 (quoting *Hunter v. Bryant*, 502 U.S. 511, 526 (1991) (*per curiam*)). Accordingly, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Gainor v. Rogers*, 973 F.2d 1379, 1383 (8th Cir. 1992). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."). Thus, district courts in this circuit routinely stay discovery pending resolution of a defendant's assertion of qualified immunity. *See, e.g.*, *O'Meara v. Heineman*, No. 4:10CV3020, 2010 WL 2640299, at *1 (D. Neb. June 28, 2010); *Hughbanks v. Dooley*, No. CIV. 10-4064-KES, 2011 WL 3502484, at *1 (D.S.D. Aug. 10, 2011); *Britton v. Thompson*, No. 7:08CV5008, 2009 WL 2365389, at *1 (D. Neb. July 29, 2009). *See also Mille Lacs Band of Ojibwe v. Cnty. of Mille Lacs, Minnesota,* No. 17CV05155SRNLIB, 2021 WL 1400069, at *2 (D. Minn. Apr. 14, 2021) ("[D]strict

3

courts often stay proceedings once a defendant has appealed the district court's denial of a claim to immunity—even where the case involves co-defendants without a claim to immunity.").

Federal courts have repeatedly held that stays are warranted where parallel criminal proceedings exist and where a defendant desires to file a dispositive motion grounded in qualified immunity. Here, both justifications exist. Indeed, the concerns of parallel criminal proceedings are far more severe for Trooper Londregan than Trooper Seide; unlike Trooper Londregan, Trooper Seide has no pending criminal charges leveled against him. Moreover, because Trooper Londregan intends to file a dispositive motion directed at qualified immunity, that independent basis for a stay exists as well.

## CONCLUSION

For the foregoing reasons, Defendant Londregan respectfully requests that the Court grant Defendant Seide's motion to stay in part, namely, stay this matter pending Defendant Londregan's dispositive motion.

DATED:  May 2, 2024               Respectfully Submitted,

                                  **MADEL PA**

                                  By: _____[signature]_____
                                  Christopher W. Madel (#230297)
                                  Todd L. Hennen (#398710)
                                  800 Pence Building
                                  800 Hennepin Avenue
                                  Minneapolis, MN  55403
                                  Telephone: 612-605-0630
                                  cmadel@madellaw.com
                                  thennen@madellaw.com


                                  **WOLD LAW**

                                  s/ *Peter Wold*
                                  Peter Wold (#0118382)
                                  331 2nd Avenue South
                                  Suite 705
                                  Minneapolis, MN 55401
                                  Telephone: (612) 341-2525
                                  Fax: (612)341-0116
                                  pwold@wold-law.com

                                  *Attorneys for Defendant Ryan Londregan*