

J. P. STROM, JR., P.A.
MARIO A. PACELLA*
JOHN R. ALPHIN
AMY E. WILLBANKS
BAKARI T. SELLERS
JESSICA L. FICKLING
ALEXANDRA BENEVENTO
AMY L. GAFFNEY
MATTHEW B. ROBINS
KENNEDY EZEKIEL

*ALSO ADMITTED IN GA AND NY

6923 N. TRENHOLM ROAD | STE 200
COLUMBIA, SC 29206

P: 803.252.4800
F: 803.252.4801
TOLL FREE: 1.877.787.6652
WWW.STROMLAW.COM

May 7, 2024

**Via CM/ECF**

The Honorable Tony N. Leung
Magistrate Judge – U.S. District Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

    Re:    **Nyra Jean Miller-Fields v. Ryan Londregan and Brett Seide**
             **Court File Number: 24-cv-01372 (NEB/TNL)**

Magistrate Leung:

    I represent Plaintiff Nyra Jean Miller-Fields in the above-captioned matter. On April 25, 2024, Defendant Seide filed a motion to stay proceedings pending conclusion of the related criminal matter. This filing was part of a flurry of filings over the last two weeks. On April 24, 2024, this Court entered an Order granting several Pro Hac Vice admissions for Plaintiff's counsel. The following day, Defendant Seide's counsel entered a notice of appearance and filed the above-referenced motion. On May 2, 2024, Defendant Londregan's counsel filed three notice of appearances and a memorandum in opposition to Defendant Seide's motion. Plaintiff ultimately filed her memorandum in opposition on May 6, 2024.

    Plaintiff would request this Court apply the doctrine of excusable neglect to extend the time for her filing, as the unique posture of the case and disagreement amongst the Defendants caused confusion resulting in the inadvertent late filing. "Federal Rule of Civil Procedure 6(b)(1)(B) permits a district court to extend the time for a party to submit a filing 'if the party failed to act because of excusable neglect.'" *Chorosevic v. Met Life Choices*, 600 F.3d 934, 946 (8th Cir. 2010). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). In determining whether to apply the doctrine,

courts consider (1) the possibility of prejudice to the movant, (2) the length of the delay and possible impact on judicial proceedings, (3) the reason for delay, and (4) whether the delaying party acted in good faith. *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999). Ultimately, "[t]he determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Chorosevic*, 600 F.3d at 946 (quoting *Pioneer Inv. Servs. Co.*, 507 at 395, 113 S.Ct. 1489, 123 L.Ed.2d 74).

Here, Plaintiff asserts there is no prejudice on either Defendant, as the late filing has not created any hardship for either Defendant, and Defendant Londregan has similarly filed a memorandum in opposition to the motion. As for the delay, Plaintiff's response was filed four days (two business days) after the response was due to be filed,[1] and Plaintiff asserts that the delay will have no impact on the proceedings.

Plaintiff would ask that this Court keep the June 6, 2024 hearing on the docket.

Sincerely,

/s/ Bakari T. Sellers
Bakari T. Sellers
Strom Law Firm, LLC
6923 North Trenholm Road, Suite 200
Columbia, SC  29206
T: (803) 252-4800
bsellers@stromlaw.com

*Attorney for Plaintiff Nyra Jean Miller-Fields*

cc:   Counsel for all parties, via CM/ECF

---

[1] *See* Fed. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period.").